UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    DEBORAH ANN BUCZEK,                               BK 23-10276 CLB

                        Debtor.                             DECISION & ORDER
------------------------------------------------------

Deborah Ann Buczek
PO Box 73
North Evans, New York 14112
Pro Se Debtor

Shane Christopher Buczek
435 Creekside Drive
Suite 200
Amherst, New York 14228
Pro Se

LOGS Legal Group LLP
f/k/a/ Shapiro, DiCaro & Barak, LLC
Michael J. Chatwin, Esq., and Robert W.
Griswold, Esq., of counsel
175 Mile Crossing Boulevard
Rochester, New York 14624
Attorneys for Nationstar Mortgage LLC

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

       This case presents three interesting issues: whether the Court can grant *in rem* relief under 11 U.S.C. § 362(d)(4) after the dismissal of a case in Chapter 13; whether the statute allows such *in rem* relief with regard to a homestead that is not property of the bankruptcy estate; and whether such *in rem* relief should here inure to the benefit of just the movant or of all secured creditors.

       On April 20, 1994, Deborah Ann Buczek executed a note promising to repay the sum of $110,536 to Republic Bank for Savings. As security for this obligation, Mrs. Buczek also gave to the lender a mortgage encumbering real property at 7335 Derby Road in the Town of Evans, New York. Thereafter, the note and mortgage were

assigned to HSBC Bank USA, N.A.  When Mrs. Buczek defaulted in making payments on the note, HSBC started a foreclosure action in state court on July 6, 2015.  During the pendency of those proceedings, however, Deborah Ann Buczek conveyed the property at 7335 Derby Road to her son, Shane Christopher Buczek, pursuant to a Quit Claim Deed recorded on August 14, 2017.  Under New York law, because HSBC had filed a Notice of Pendency, the transfer of ownership had no effect on the foreclosure process.  N.Y. C.P.L.R. 6501 (McKinney 2023).  In an order dated March 15, 2018, the state court struck the answer of Deborah Buczek, granted summary judgment in favor of the plaintiff, and appointed a referee to compute the balance due on the note.

The property at 7335 Derby Road was further encumbered by a second mortgage that Deborah Ann Buczek had given to KeyBank, N.A., on October 7, 2008, as collateral for a home equity line of credit.  In state court, after contentious litigation, KeyBank obtained a judgment of foreclosure and sale on May 16, 2018.

On July 20, 2018, Deborah Ann Buczek filed a petition for relief under Chapter 13 of the Bankruptcy Code.  One month later, she filed schedules in which she asserted ownership of real property and specifically claimed an exemption for a homestead at 7335 Derby Road.  She also presented a Statement of Financial Affairs in which she falsely represented that she had not conveyed any real property during the two years prior to her bankruptcy filing.

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of eight types of activity.  These include "any act to . . . enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4).  However, whether or not Mrs. Buczek was still an owner of the Derby Road property, the automatic stay also applied to "the commencement or continuation" of judicial proceedings against the debtor.  11 U.S.C. § 362(a)(1).  Accordingly, her bankruptcy

effected an automatic stay of actions in which she was a defendant, including both the foreclosure by HSBC and the foreclosure by KeyBank.

Subsequent to the filing of the bankruptcy petition in July of 2018, no payments were made on account of either of the mortgages secured by the real property at 7335 Derby Road. Asserting an ongoing default, KeyBank filed a motion for relief from the automatic stay on March 4, 2019. After giving due consideration to the opposing arguments of the debtor, this Court granted that motion in an order dated April 1, 2019. KeyBank then scheduled a foreclosure sale for July 24, 2019. However, that sale was cancelled after Shane Christopher Buczek, the owner of record, filed a petition for relief under Chapter 13 on July 19, 2019. On or about August 23, 2019, the mortgage previously held by HSBC was transferred to Nationstar Mortgage LLC.

For purposes of the present dispute, we need not recite the many details of protracted litigation that has occurred in both state and federal courts. Deborah Ann Buczek eventually converted her case to Chapter 7 and received a discharge on October 22, 2020. In the bankruptcy case of Shane Christopher Buczek, this Court granted the motion of Nationstar for *in rem* relief from the automatic stay on October 15, 2019, and further granted the motion of KeyBank for the same relief on December 16, 2019. On appeal, the District Court affirmed both orders. Pursuant to 11 U.S.C. § 362(d)(4), upon proper recording, such *in rem* relief would become binding in any bankruptcy case purporting to affect the property at 7335 Derby Road for a period of two years from the issuance of this Court's order. A foreclosure sale by either Nationstar or KeyBank might have occurred within that time were it not for the State of Emergency created by the Covid Pandemic. Eventually, KeyBank was allowed to schedule a sale for March 30, 2023. However, on March 29, Deborah Ann Buczek filed her second petition under Chapter 13 of the Bankruptcy Code.

In schedules filed with her current bankruptcy petition, Deborah Ann Buczek again claimed to hold a "legal or equitable interest" in the real property at 7335 Derby Road. The schedules listed only two creditors: "Keybank" and "Mr. Cooper." The latter is an assumed name under which Nationstar Mortgage LLC operates. On April 13, 2023, Mrs. Buczek filed a plan which contains no proposal for payments to the Chapter 13 trustee or for the curing of defaults on any outstanding mortgage. The trustee has advised that she has received no payments from the debtor.

The proceedings in this case have included two motions that impact the present dispute. On June 25, 2023, this Court granted the motion of Keybank for relief from the automatic stay. A second relevant motion was the trustee's request to dismiss the case, which we granted by Order dated July 6, 2023.

Now before this Court is the motion of Nationstar Mortgage LLC seeking, in the alternative, either stay relief under 11 U.S.C. § 362(d)(1) and (2), or *in rem* relief under 11 U.S.C. § 362(d)(4). Filed prior to the order dismissing this case, the Nationstar motion was considered at a hearing held subsequent to the dismissal. At the hearing, Mrs. Buczek conceded that she is not the owner of the Derby Road property. Nonetheless, both the debtor and her son presented written and oral argument in opposition. For the reasons stated hereafter, the objections are overruled and the motion of Nationstar is granted.

Discussion

When it was filed, the present bankruptcy petition operated to stay the continuation of any judicial proceeding in which Mrs. Buczek was a defendant, including the action that HSBC had initially brought to foreclose the first mortgage on property at 7335 Derby Road. Nonetheless, pursuant to 11 U.S.C. § 362(d)(1), "[o]n request of a party in interest and after notice and a hearing," this court "shall grant relief from the stay . . . for cause." Nationstar Mortgage LLC, as successor to HSBC, has here

established such cause for essentially the same reasons that compelled this Court to grant stay relief in the prior bankruptcy case of Deborah Ann Buczek. We are required to give preclusive effect to the state court determination that the unpaid balance of the Note is now due and owing. *See Kelleran v. Andrijevic*, 825 F. 2d 692 (2d Cir. 1987); *Grant v. New Creation Fellowship (In re New Creation Fellowship)*, 649 B.R. 614, 620 (Bankr. W.D.N.Y. 2023). Mrs. Buczek has failed to propose a feasible plan to address the outstanding arrears. During the pendency of the current bankruptcy, she has made no payments to either the Chapter 13 trustee or to Nationstar, for the purpose of addressing the default. Additionally, in her prior bankruptcy, Mrs. Buczek received a discharge of personal liability on the Note. Because 7335 Derby Road is no longer an asset of the debtor, Mrs. Buczek offers no compelling justification for the continuance of a stay.

Notwithstanding the demonstration of cause, the present motion would be moot if Nationstar had sought only to obtain stay relief under 11 U.S.C. § 362(d)(1) and (2). Subject to exceptions not here relevant, section 362(c) of the Bankruptcy Code provides that the stay against property of the estate continues "until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1). The stay of any other act under section 362(a) "continues until the earliest of . . . (B) the time the case is dismissed." Here, 7335 Derby Road appears to be property owned not by Deborah Ann Buczek, but by her son. Thus, with the dismissal of the bankruptcy case, the stay would no longer apply to the foreclosure action in which Mrs. Buczek is named as a defendant. But Nationstar's motion seeks relief not only under section 362(d)(1) and (2), but also under section 362(d)(4).

Section 362(d)(4) of the Bankruptcy Code pertains to those instances where "the court finds that the filing of the petition was part of a scheme to delay, hinder or defraud creditors that involved either (A) transfer of all or part ownership of, or other

interest in, such real property without the consent of the secured creditor or court approval; or (B) multiple bankruptcy filings affecting such real property." When these circumstances occur, the Court may grant *in rem* relief from the automatic stay.

> "If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph(4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing."

11 U.S.C. § 362(d)(4). Thus, section 362(d)(4) is designed to deal with not only the interests of the debtor, but all current and prospective interests in a parcel of real property. Unlike subdivisions (1) and (2) of section 362(d), subdivision (4) addresses property rights subsequent to dismissal. Accordingly, the request for relief under subdivision (4) is not rendered moot by the dismissal of Mrs. Buczek's bankruptcy case.

The absence of a present interest in 7335 Derby Road also does not preclude relief under section 362(d)(4). This section applies to schemes that hinder, delay or defraud creditors, whether or not the debtor holds continuing rights in the affected property. Indeed, the statute contemplates *in rem* relief when, as here, the scheme involved the "transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor."

The introductory language of 11 U.S.C. § 362(d) states that the Court may grant relief under the subsequent subdivisions "[o]n request of a party in interest and after notice and a hearing." As explained in the Rules of Construction for the Bankruptcy Code, "after notice and a hearing . . . means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). When considering *in rem* relief, appropriate notice should generally include not only the debtor, but also the record

owner of the property. In the present instance, Nationstar accomplished this charge by serving notice of its motion on both Mrs. Buczek and her son.[1] Not only were they duly advised about the hearing, but both appeared in opposition.

    We find that Nationstar has established all of the conditions for relief under section 362(d)(4). First, the statute requires a showing that the bankruptcy filing "was part of a scheme to hinder, delay or defraud creditors." Because "hinder, delay or defraud" are alternative prerequisites, it suffices to show a scheme to hinder and delay. Through litigation over a course of more than eight years, Mrs. Buczek and her son have impeded the foreclosure process. In three filings under Chapter 13, the parties have never proposed a plan that would cure the defaults under either of the outstanding mortgages. The present proceeding serves no purpose other than to continue that hindrance and delay. Mrs. Buczek has no liabilities that have not already been discharged. She herself no longer owns any real estate. However, because Mrs. Buczek remains a defendant in Nationstar's foreclosure action, her most recent bankruptcy halted the foreclosure. We find, therefore, that her petition was part of a scheme that effectively hindered and delayed Nationstar from exercising its contractual rights.

    A second requirement of section 362(d)(4) is that the scheme to hinder and delay must involve either one of two conditions. In the present instance, Nationstar has satisfied both alternatives. As noted above, the scheme has involved the transfer of ownership of 7335 Derby Road from Mrs. Buczek to her son without consent of the secured creditor. Additionally, the real property was affected by multiple bankruptcy filings, including two by Deborah Ann Buczek and one by Shane Christopher Buczek.

---

[1] Previously, the failure of KeyBank to serve the debtor's son caused us to grant stay relief only under 11 U.S.C. § 362(d)(1) and to deny without prejudice its request for *in rem* relief under 11 U.S.C. § 362(d)(4).

In opposing *in rem* relief, Mrs. Buczek and her son challenge the right of Nationstar to foreclose the first mortgage. This Court is obliged, however, to honor the order of state court granting the motion of Nationstar for summary judgment. To the extent that the parties seek reconsideration of that decision, they must present their arguments in state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). We have also considered all of the other arguments that Deborah Ann Buczek and Shane Christopher Buczek have presented either orally or in writing, and find that they raise no valid defense to the relief granted herein.

Section 362(d) of the Bankruptcy Code states generally that on request of a party in interest, the Court may grant relief from the automatic stay "such as by terminating, annulling, modifying, or conditioning such stay." When applicable, subdivision (4) of section 362(d) allows the stay modification to include *in rem* relief. Broadly, the statute grants discretion to modify the stay, both with regard to the movant and beyond. Under the facts and circumstances of this case, we find it appropriate to modify the stay as to all creditors. If recorded in conformity with the requirements of 11 U.S.C. § 362(d)(4), this order shall become binding in any other case purporting to affect 7335 Derby Road within the next two years. Any such *in rem* relief shall extend also to the co-debtor stay of 11 U.S.C. § 1301, if applicable. Under the special circumstances of this case, the Court will further waive the temporary stay imposed under Bankruptcy Rule 4001(a)(3).

Conclusion

The prior dismissal of a Chapter 13 proceeding does not preclude consideration of a motion for *in rem* relief under 11 U.S.C. § 362(d)(4). So long as the debtor's bankruptcy case imposed a stay on litigation affecting real estate, this subdivision may

apply to property that is not part of the bankruptcy estate.  Subject to the terms and conditions stated herein, the motion of Nationstar Mortgage LLC for *in rem* relief from the automatic stay is granted.  Upon the proper recording of this Order, *in rem* relief shall here inure to the benefit of all creditors having an interest in 7335 Derby Road in the Town of Evans, New York.

So ordered.

Dated: August 24, 2023                    /s/ Carl L. Bucki_____
      Buffalo, New York                       Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.